ORIGINAL
DEC 23 1997

UNITED STATES DISTRICT COUl
NORTHERN DISTRICT OF TEXA

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FILED

DEC 2 2 1997

NANCY DOHERTY, CLERK
By _____
        Deputy

SECURITIES AND EXCHANGE COMMISSION,   :

                              Plaintiff,   :

                                           :

v.                                         :

                                           :

SANJEEV "TONY" SACHDEVA                    :
AND NASIM "NICKY" AZIZ                     :

                              Defendants.   :

                                           :

FINAL JUDGMENT AS
TO SANJEEV "TONY"
SACHDEVA

3 - 9 7 C V 3 1 0 3 - D

ENTERED ON DOCKET
DEC 2 3 1997  PURSUANT
TO F.R.C.P. RULES
58 AND 79a

This Court having determined that:

1.      Plaintiff SECURITIES AND EXCHANGE COMMISSION ("COMMISSION")
filed a COMPLAINT in this action;

2.      Defendant SANJEEV "TONY" SACHDEVA ("SACHDEVA") in the attached
CONSENT AND UNDERTAKINGS OF SANJEEV "TONY" SACHDEVA ("CONSENT"), the
provisions of which are expressly incorporated herein, waived service of process; entered a
general appearance; admitted the jurisdiction of this Court over him and over the subject matter
of this action; consented to the venue of this action; waived the entry of findings of fact and
conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure; and, without
admitting or denying any of the allegations of the COMPLAINT except as to jurisdiction, which
he admits, consented to the entry of this FINAL JUDGMENT AS TO SANJEEV "TONY"
SACHDEVA ("FINAL JUDGMENT"); and

3.      This Court has jurisdiction over SACHDEVA and the subject matter of this
action.

5

- 2 -

NOW THEREFORE,

## I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that SACHDEVA, his agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this FINAL JUDGMENT by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from, in the offer or sale of any securities, directly or indirectly, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

    (1)    employing any device, scheme or artifice to defraud;

    (2)    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

    (3)    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)].

## II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that SACHDEVA, his agents, servants, employees, and attorneys, and those persons in active concert or participation with any or all of them who receive actual notice of this FINAL JUDGMENT by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined

- 3 -

from, in connection with the purchase or sale of any securities, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange:

(1)     employing any device, scheme or artifice to defraud;

(2)     making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(3)     engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5].

### III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that SACHDEVA, his agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this FINAL JUDGMENT by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from:

A.     while directly or indirectly controlling any issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)], unless the controlling person is acting in good faith and is not directly or indirectly inducing the act or acts constituting the violation or cause

- 4 -

of action, pursuant to Section 20(a) of the Exchange Act [15 U.S.C. § 78t(a)], to fail to

1.    make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer; or

2.    devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:    transactions are executed in accordance with management's general or specific authorization; transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and to maintain accountability for assets; access to assets is permitted only in accordance with management's general or specific authorization; and the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences;

B.    knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account described in Section 13(b)(2) of the Exchange Act; or

C.    falsifying or causing to be falsified, directly or indirectly, any book, record, or account subject to Section 13(b)(2)(A) of the Exchange Act;

- 5 -

in violation of Section 13(b)(2)(A), 13(b)(2)(B), 13(b)(5) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A), 78m(b)(2)(B), and 78m(b)(5)], and Rule 13b2-1 [17 C.F.R. § 240.13b2-1] thereunder.

## IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that SACHDEVA shall pay a penalty of $50,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that SACHDEVA shall deliver, within ten (10) business days of the entry of the FINAL JUDGMENT, cash or a certified check in the amount of $50,000, representing the penalty described in paragraph IV above, to:

Office of the Comptroller
Securities and Exchange Commission
450 Fifth Street, N.W.
Mail Stop 0-3
Washington, D.C. 20549.

The check shall be made payable to the "SECURITIES AND EXCHANGE COMMISSION" and bear on its face the caption and case number of this action and the name of this Court. SACHDEVA shall deliver a copy of the check, within ten (10) business days of the entry of the FINAL JUDGMENT, to:

Erich T. Schwartz
Securities and Exchange Commission
450 Fifth Street, N.W.
Mail Stop 7-6
Washington, D.C. 20549.

- 6 -

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the annexed CONSENT be, and hereby is, incorporated herein with the same force and effect as if fully set forth herein.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that SACHDEVA shall fully comply with his undertakings as set forth in the annexed CONSENT.

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this action for all purposes, including implementation and enforcement of this Final Judgment.

## IX.

There being no reason for delay, the Clerk of Court is hereby directed, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure to enter this FINAL JUDGMENT forthwith.

UNITED STATES DISTRICT JUDGE

Date: _December 22_____, 1997

Dallas, Texas